# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　Plaintiff,<br><br>　vs.<br><br>BENNIE DUNGAN,<br><br>　　　　Defendant.<br>_____/ | CASE NOS. CR F 85-0167 LJO and CV F 09-0497<br><br>**ORDER ON DEFENDANT'S 28 U.S.C. § 2255 MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE**<br>(Docs. 223-225.) |

## **INTRODUCTION**

Defendant Bennie Dungan ("defendant") is a federal prisoner and proceeds pro se to seek to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255 ("section 2255"). This Court considered defendant's section 2255 motion on the record and denies defendant's requested relief as untimely.

## **BACKGROUND**

A jury found defendant guilty of armed bank robbery in violation of 18 U.S.C. § 2113(a)(d). On June 9, 1986, defendant was sentenced to 25 years imprisonment, and judgment was entered the next day.

On March 16, 2009, defendant filed his section 2255 motion to fault his attorney's failure to appeal defendant's conviction.

1

## DISCUSSION

Section 2255(f) sets a one-year limitations period running from the latest of:

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

(3) The date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Defendant's section 2255 motion is untimely. His judgment of conviction was finalized on June 10, 1986. Defendant alleges no government-created impediment to seek section 2255 relief, and none is present. Defendant's ineffective assistance of counsel claim rests on a centuries established right, not a newly recognized right that has been made retroactive to cases on collateral review. Defendant delayed more than 22 years to seek section 2255 relief to negate exercise of due diligence to discover facts to support his claim. The one-year limitations period expired years if not decades ago.

## **Certificate Of Appealability**

28 U.S.C. § 2253(c)(1) precludes an appeal from a final order in section 2255 proceedings unless a circuit justice or judge issues a certificate of appealability ("COA"). A COA may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. §2253(c)(2); *see Williams v. Calderon*, 83 F. 3d 281, 286 (9th Cir. 1996). A COA issues when defendant demonstrates the questions raised are "debatable among jurists of reason; that a court could resolve the issues [in a different manner]; or that the questions are adequate to deserve encouragement to proceed further." *Barefoot v. Estelle*, 463 U.S. 880, 893, n. 4, 103 S.Ct. 3382, 3394-3395, n. 4 (1983). In the absence of a COA, no appeal in a section 2255 proceeding may be heard. 28 U.S.C. § 2253(c).

This Court has reviewed the record of this case and finds no jurist of reason could debate the correctness to deny defendant collateral relief. *See Barefoot*, 463 U.S. at 893, n. 4, 103 S.Ct. at 3394-3395, n. 4; *Clark v. Lewis*, 1 F. 3d 814, 819 (9th Cir. 1993). On the merits of this case, reasonable jurists would not debate the constitutionality of defendant's conviction. A certificate of appealability is

2

improper.

**CONCLUSION AND ORDER**

For the reasons discussed above, this Court DENIES defendant section 2255 relief and a certificate of appealability. This order renders moot defendant's requests sought in documents 224 and 225. The clerk is directed to close Case No. CV F 09-0497 LJO.

IT IS SO ORDERED.

**Dated:   March 19, 2009**                          **/s/ Lawrence J. O'Neill**
                                                                    UNITED STATES DISTRICT JUDGE